# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| EDWARD C. HUGLER, Acting Secretary of Labor, United States Department of Labor, | : : : : |
| Plaintiff, | : Civil Case No. 3:17-cv-00038 |
| v. | : : |
| LAS PIRAMIDES, INC. (dba Las Piramides) and ALFREDO LEON, | : : : |
| Defendants. | : : |

## **COMPLAINT**

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants Las Piramides, Inc., an Ohio corporation doing business as Las Piramides restaurant and Alfredo Leon, an individual (collectively "Defendants"), from violating the provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("Act" or "FLSA"), pursuant to Section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to Section 16(c) of the Act.

## I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

## II.

(a) Defendant Las Piramides, Inc. ("Restaurant") is and at all times hereinafter mentioned was, an Ohio corporation with an office and place of business at 101 West

1

Franklin Street, Dayton, Ohio 45450, in Montgomery County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the restaurant business and in the performance of related types of activities.

(b)  Alfredo Leon, an individual, resides at 36 Teal Way, Centerville, Ohio 45459, within the jurisdiction of this Court.  Defendant Leon at all times hereinafter mentioned actively supervised the day-to-day operations and management of the Restaurant in relation to its employees.  Defendant Leon acted directly or indirectly in the interest of the Restaurant in relation to its employees and is an employer within the meaning of Section 3(d) of the Act.

### III.

Defendants are, and at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose and at all times hereinafter mentioned, were an enterprise within the meaning of Section 3(r) of the Act.

### IV.

Defendants are, and at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

### V.

(a) Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by employing many of their employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for wages at rates less than $7.25 per hour for time worked beginning on August 1, 2013. Specifically, Defendants failed to pay minimum wages to employees employed at the Restaurant, in that servers were only paid tips, with no cash wages.

## VI.

(a) Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants failed to pay overtime wages to certain Restaurant employees who worked in excess of forty hours in a workweek.

## VII.

Defendants, employers subject to the provisions of the Act, violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of their employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. §516, in that records fail to show adequately and accurately, among other things, the

identities of all individuals who were Defendants' employees and the hours worked by all employees.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

B. For an Order:

1. pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit 1 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2. pursuant to Section 17, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wage and overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C. For an Order awarding Plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
| | _____ |
| OF COUNSEL: | HEMA STEELE (0081456) |
| | Trial Attorney |
| | U.S. Department of Labor |
| BENJAMIN T. CHINNI | 881 Federal Office Building |
| Associate Regional Solicitor | 1240 East Ninth Street |
| | Cleveland, Ohio 44199 |
| | (216) 522-3876; Fax (216) 522-7172 |
| | *Steele.Hema@dol.gov* |